UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SYLEE CASTLE,<br><br>        Plaintiff,<br><br>        v.<br><br>E. TICE, et al.,<br><br>        Defendants. | Case No.: CV 17-06031-JVS (JDE)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## **BACKGROUND**

On August 14, 2017, Plaintiff Sylee Castle ("Plaintiff"), a California state prisoner at California State Prison, Los Angeles County (the "Prison"), located in Lancaster, California, proceeding pro se, filed a civil rights Complaint alleging that defendants E. Tice, the lead groundskeeper at the Prison and N. Marquez, a correctional sergeant, violated Plaintiff's Eighth Amendment rights by failing to properly maintain the grounds of the Prison for Plaintiff, who uses a wheelchair for mobility. Dkt. 1 at p. 5 (CM/ECF pagination) and ¶¶ 16, 17. The Court performing its screening function under 28 U.S.C. 1915(e)(2) and 1915A, dismissed the Complaint with leave to

amend. Dkt. 7. On November 20, 2017, Plaintiff filed a First Amended Complaint ("FAC") again naming defendants Tice and Marquez. Dkt. 12.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC to determine whether the action is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief.

## II.
## MATERIAL NEW ALLEGATIONS IN THE FAC

In summary, Plaintiff alleges, "this is an action challenging failure to protect Plaintiff's personal safety that caused Plaintiff harm" at the Prison. FAC ¶ 1. As with the original complaint, Plaintiff alleges that on March 2, 2016, a fellow inmate pushed him in his wheelchair from the north side to the south side of the Prison through a small gate area between buildings 3 and 4. FAC ¶¶ 4, 18. The right front wheel of Plaintiff's wheelchair became stuck in a crack of uneven concrete pavers in the gate area "where inmate traffic is forced to funnel through," resulting in the wheelchair tilting over and causing Plaintiff's head to strike the ground with a resulting contusion to his right shoulder. Id. ¶¶ 4-5. 18-19. Plaintiff alleges that "Facility (B) was required to make various changes and improvements to the recreation yard" but no such changes were made, although Plaintiff does not allege who "required" the alleged changes. Id. ¶¶ 5-6, 19-20. Plaintiff alleges he was taken to a medical facility because he had "lost all movements in his lower extremities" due to the aggravation of a pre-existing spinal cord injury caused by the incident; he was diagnosed with a contusion and given acetaminophen for pain. Id. ¶¶ 7. 21.

Plaintiff alleges that on March 3, 2016, he sent a form to Defendant Marquez requesting that the area between the north side and south side gates be evenly laid with concrete. FAC ¶¶ 8, 22. Six days later, having not received

a response, Plaintiff alleges he filed an appeal requesting the area in question be paved evenly with concrete and requested that another gate be opened until the requested construction was completed. Id. ¶¶ 9, 23. Plaintiff alleges that on March 22, 2016, Defendant Tice put dirt around the concrete pavers and in between the cracks, but because of foot traffic, the dirt eventually became spread apart. Id. ¶¶ 10, 24. Plaintiff alleges that on April 6, 2016, a fellow inmate was again pushing him in his wheelchair in the same area and, again, his wheelchair was stuck in a crack, which caused the right front wheel to come off, causing Plaintiff to balance himself with his right foot, causing pain in his lower back, right hip and right leg, resulting in Plaintiff receiving Ibuprofen and physical therapy. Id. ¶¶ 11, 23. On April 12, 2016, Defendant Tice removed the concrete pavers and replaced them with sand, which Plaintiff alleges led to further difficulty in his ability to navigate his wheelchair. Id. ¶¶ 12, 24.

Plaintiff alleges that Defendant Tice "was at all times mentioned herein the Prison lead groundskeeper" and Defendant Marquez "was at all times mentioned herein a correctional sergeant." FAC ¶¶ 16-17. Plaintiff alleges that Defendant Tice "failed to take the corrective measure to make the pathway … evenly laid with concrete as a result of his failure Plaintiff injured himself," by which Defendant Tice "violated his oath of allegiance contractual duties, obligations and responsibilities to comply with and honor the articles, amendments, codes, directives, guidelines, policies, procedures, protocols, regulations, requirements, rules and statutes of the United States and the State of California Constitution and subsequent governing laws when he failed in his duty to take the corrective measure to make the pathway . . . evenly laid with concrete when [Defendant Tice] knew that wheelchairs could get stuck in the cracks in between the concrete pavers and injure themselves, because Plaintiff

3

had already injured himself and Defendant Tice was aware of this but still [illegible] he failed to protect Plaintiff['s] personal safety when he failed to make the pathway … evenly laid with concrete that caused Plaintiff harm once he was put on notice." Id. ¶¶ 13, 27-28. The FAC further alleges that "[b]y Defendant Tice taking his oath of allegiance under Department of Operational Manual (DOM) Section 33030.1 Policy, DOM Section 33030.2 Purpose, DOM Section 33030.3 Employees Performance Standard, DOM Section 33030.3.0 Code of Conduct, it was Defendant Tice['s] duty and obligation to comply with all applicable laws and regulations, and to obey the law and regulations of the Department including to provide Plaintiff personal safety." Id. ¶ 29. The FAC alleges that Defendant Tice "knew this and still violated and disobeyed the Department policy to protect Plaintiff's personal safety when he knew inmates in wheelchairs could get stuck in between the concrete pavers and injure themselves." Id. ¶ 30. The FAC alleges, in vague, conclusory and repetitive terms, to alleged that Defendant Tice, as "lead groundskeeper" violated "department policy" by putting dirt between pavers on the pathway, alleging that Defendant Tice "failed to follow" unspecified "lawful instructions" or refused "to act lawfully as directed by" an unspecified "supervisor or higher ranking official," and he "knew or should have known" that his actions were "inappropriate." Id. ¶¶ 31-33. Plaintiff alleges that Defendant Tice "disregarded Plaintiff['s] request to make the pathway … evenly laid with concrete [without] penalogical interest or sound justification" constituting "deliberate indifference . . . in not protective Plaintiff['s] personal safety." Id. ¶¶ 34-35.

Plaintiff alleges Defendant Marquez similarly "violated his oath of allegiance contractual duties, obligations and responsibilities to comply with and honor the articles, amendments, codes, directives, guidelines, policies,

4

procedures, protocols, regulations, requirements, rules and statutes of the United States and the State of California Constitution and subsequent governing laws when he failed to open the big pedestrian gate on the north and south side of the Prison to prevent Plaintiff['s] wheelchair from getting stuck in cracks in between the concrete pavers and causing Plaintiff to re-injure himself once he was put on notice." FAC ¶ 36. Plaintiff alleges that "[b]y Defendant Tice [sic] taking his oath of allegiance under Department of Operational Manual (DOM) Section 33030.1 Policy, DOM Section 33030.2 Purpose, DOM Section 33030.3 Employees Performance Standard, DOM Section 33030.3.0 Code of Conduct, it was Defendant Marquez['s] duty and obligation to comply with all applicable laws and regulations, and to obey the law and regulations of the Department including protecting Plaintiff['s] personal safety by opening the big pedestrian gate." Id. ¶ 37. Plaintiff alleges that Defendant Marquez knew that "inmates in wheelchairs could get stuck in the cracks in between the concrete pavers and injure themselves" but nonetheless "refused to open up the big pedestrian gate" and "violated and disobeyed" unspecified "Department policy." Id. ¶¶ 37-38. The FAC alleges that "per DOM & Code on inefficiency D-26 state, failure to observe and perform within the scope of training, Defendant Marquez violated this policy of the department when he refused to open up the big pedestrian gate when he knew inmates in wheelchairs could get stuck in the cracks in between the concrete pavers and injure themselves" and "Defendant Marquez failed to protect Plaintiff['s] personal safety per DOM Section E Integrity E-4 state failure to follow lawful instruction or refusal to act lawfully directed by a supervisor or higher ranking official. Defendant Marquez violated and disobeyed this policy of the Department when he failed to act lawfully by not opening the big pedestrian gate." Id. at ¶¶ 39-40. Plaintiff alleges that Defendant Marquez "knew or

5

should have known" that his actions were "inappropriate" when he "failed in his responsibilities and duties to open up the big pedestrian gate . . . to protect Plaintiff['s] personal safety." Id. ¶ 41. Plaintiff further alleged that Defendant Marquez disregarded Plaintiff's request and grievance appeal to open up the big pedestrian gate and his actions resulted in "deliberate indifference" under the Eighth Amendment. Id. ¶ 42-43.

Plaintiff alleges that he "has become mentally upset, depressed and aggravated . . . has suffered mental and physical pain and suffering [including] . . . nightmares, anxiety, humiliation, indignities and the deterioration of his lower right extremities which affected his daily activities." FAC ¶ 42. Plaintiff alleges that the acts alleged "were willful, wanton, malicious, oppressive, vexatious, deliberate and done with reckless indifference and/or callous disregard to Plaintiff['s] health and safety. Id. ¶ 42.

## III.

## **STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: 1) lack of a cognizable legal theory; or 2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

"[T]he liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). With respect to

Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the

7

"basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

**IV.**

**DISCUSSION**

A. <u>Applicable Legal Standard under Section 1983</u>

In order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), a plaintiff must allege that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or a federal statute. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation.'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis in original).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). However, conditions of confinement may be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) ("To the extent that . . . conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society").

Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety" Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

A prison official violates a prisoner's Eighth Amendment right to personal safety only when two requirements are met: 1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and 2) subjectively, the prison official must have acted with deliberate indifference to an inmate's safety. See Farmer, 511 U.S. at 834. To demonstrate deliberate indifference, a plaintiff must show that the official knowingly disregarded an excessive risk to inmate safety. Id. at 837.

B. Analysis

The FAC fails to allege sufficient facts under either of the Farmer prongs to state a claim for a civil rights violation based upon Eighth Amendment deliberate indifference.

1. The FAC Does not Allege a Serious Risk to Plaintiff's Safety

As to the objective component, the substance of Plaintiff's allegations remain unchanged: Plaintiff alleges that defendants failed to address the issues with the navigability of a particular concrete pathway to Plaintiff's satisfaction after his wheelchair had twice become stuck on a crack between concrete pavers. FAC ¶¶ 4, 8, 10, 13. But "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation," Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985).

The Court continues to find that the current allegations regarding the condition of the pathway do not amount to a denial of the minimal measure of life's necessities. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (no

single defective condition, without others contributing to the threat of safety, creates an objectively insufficiently humane condition violative of the Eighth Amendment); Stewart v. Carzon, No. C 14-2625 LHK (PR), 2015 WL 5569387, at *2 (N.D. Cal. Sept. 18, 2015) (finding a prisoner failed to state a cognizable Eighth Amendment claim for injury associated with a walker getting stuck in a damaged floor because the damaged floor, by itself, did not pose the type of threat to inmate safety that amounted to a constitutional violation); Smith v. County of Los Angeles, No. CV 12-02444-JAK (JEM), 2013 WL 1829821 at *5 (C.D. Cal. Mar. 12, 2013) (plaintiff, who had previously complained multiple times about an alleged dangerous slippery area and thereafter fell and hit his head, resulting in a laceration requiring paramedics to transport him to an outside hospital, had not sufficiently alleged an Eighth Amendment violation).

Plaintiff alleges two instances in which his wheelchair became stuck in sand between pavers. In the first incident, the wheelchair fell over and Plaintiff suffered a bruised shoulder and pain for which he was given acetaminophen (Tylenol). In the second incident, the wheelchair remained upright but Plaintiff was forced to use his leg for balance, resulting in pain, treated by ibuprofen, and physical therapy. The Court finds that these allegations, read in the light most favorable to Plaintiff, do not describe a situation so serious such that it results in the denial of the minimal civilized measure of life's necessities. The allegations in the FAC do not meet the first Farmer prong.

2. The FAC Does Not Allege Knowing Disregard by Defendants

As to the subjective prong, the FAC does not allege facts, as opposed to legal conclusions, sufficient to permit an inference that defendants knew of and disregarded an excessive risk to Plaintiff's health or safety by failing to take reasonable steps to abate it. See Farmer, 511 U.S. at 837. The FAC alleges that

Defendants Tice and Marquez were aware that Plaintiff's wheelchair, while being pushed by another inmate, had tipped over once in the pathway and had almost tipped over a second time, resulting in a bruised should and pain treated by acetaminophen and ibuprofen. These allegations does not rise to a level of knowledge of an excessive risk to Plaintiff's health or safety.

Further, even if the FAC did sufficiently allege subjective knowledge of an excessive risk Plaintiff has not, and thus far appears cannot, allege that Defendants Tice and Marquez did not take reasonable steps to abate the risk. Plaintiff concedes that within days of his wheelchair tipping over, Defendant Tice filled took steps to abate the risk by filling space between the pavers, and shortly after the second incident, the pavers were removed altogether.

The allegations of the FAC do not show either: (1) a serious, unreasonable risk to Plaintiff's safety; or (2) a subjective awareness of and disregard of such a risk by either defendant. It fails to state a claim.

3. The FAC Does Not Allege a Causal Connection to the Defendants

An individual defendant cannot be held liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct or dereliction and the alleged deprivation. See Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), abrogated on other grounds by Farmer, 511 U.S. at 825. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff contends that each Defendant's refusal to perform certain actions to address the issue related to the concrete pavers constituted a dereliction of duties pursuant to the California Department of Corrections & Rehabilitation's (CDCR) Operations Manual. See FAC ¶¶ 31-40. As a preliminary matter, Plaintiff references parts of the CDCR Operations Manual that relate to employee discipline and the code of conduct and do not set forth clear responsibilities for Defendants when presented with issues related to inmates' personal safety. Further, even if Plaintiff's allegations were sufficiently pled to demonstrate a violation, a violation of a prison policy like the CDCR Operations manual would be unavailing as "state departmental regulations do not establish a federal constitutional violation." Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (emphasis in original) (citing Case v. Kitsap Cty. Sheriff's Dep't, 249 F.3d 921, 930 (9th Cir. 2001) ("there is no § 1983 liability for violating prison policy. [Plaintiff must prove that [the official violated his constitutional right . . . .")

Plaintiff has not, and it appears cannot, state a claim for deliberate indifference against Defendants Tice and Marquez.

## V.

## CONCLUSION AND ORDER

Based upon the foregoing, the FAC does not state a claim upon which relief can be granted, and the Court is doubtful that it can be amended to state a claim. If Plaintiff still desires to pursue his claims and, considering the foregoing, can factually do so, he shall file a Second Amended Complaint **within thirty (30) days of the date of this Order** remedying the deficiencies discussed above.

Plaintiff's Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and

12

of itself without reference to the prior complaints or any other pleading or document. The Second Amended Complaint must list the names of each defendant in the caption, on the first page. See Fed. R. Civ. Proc. 10(a); Local Rule 11-3.8(d). The Second Amended Complaint will supersede the original complaint and the FAC. The Second Amended Complaint may not alter the nature of this suit by alleging new, unrelated claims. The Second Amended Complaint must identify which defendants are named in which counts, and specify the factual allegations that Plaintiff contends supports liability for each individual defendant.

Plaintiff is strongly advised to review this Order carefully regarding the various deficiencies outlined herein. If, after review, Plaintiff should decide not to further pursue this action, Plaintiff may file a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide Plaintiff with a copy of a blank for Notice of Dismissal.</u>

Plaintiff is advised that a voluntary dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would constitute a "strike." See 28 U.S.C. § 1915(g).

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint within 30 days of the date of this Order, the Court will recommend that this action be dismissed for failure to diligently prosecute.**

Dated:   December 5, 2017

_____
JOHN D. EARLY
United States Magistrate Judge